UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

| | |
|---|---|
| BLUE CASTLE (CAYMAN) LTD, | Case No.: |
| Plaintiff, | **COMPLAINT IN COMMERCIAL FORECLOSURE** |
| -against - | |
| 30 FULTON STREET LLC; MICHAEL HILL; CLERK OF THE SUFFOLK COUNTY TRAFFIC AND PARKING; VIOLATIONS AGENCY; CREDIT ACCEPTANCE CORPORATION; LI LAPROSCOPIC SURGERY PLLC; COMMISSIONER OF TAXATION AND FINANCE; PEOPLE OF THE STATE OF NEW YORK CLERK OF THE SUFFOLK COUNTY DISTRICT COURT; CLERK OF THE RIVERHEAD TOWN JUSTICE COURT; and JOHN DOE and JANE DOE, the last two names being fictitious, it being intended to name all other parties who may have some interest in or lien upon the premises described in the complaint, | |
| Defendants. | |

------------------------------------------------------------------X

BLUE CASTLE (CAYMAN) LTD, ("Plaintiff" or "Lender") by its attorneys Hasbani & Light, P.C., complaining of defendants, respectfully alleges upon information and belief as follows:

## NATURE OF THE ACTION

1. This is an action brough pursuant to New York Real Property Actions and Proceedings Law, Section 1301 *et seq.*, to foreclose on a mortgage encumbering the property commonly known as 30 Fulton Street, West Babylon, NY 11704, and known on the Suffolk County Tax Map as District: 0100 Section: 081.00 Block: 02.00 Lot: 040.000 in the County of Suffolk and State of New York (the "Property"). A copy of the Schedule "A" describing the Property in further detail is annexed hereto as **Exhibit A**.

1

## PARTIES

2. Blue Castle (Cayman) Ltd. is a corporation created under the laws of the Cayman Islands.

3. Defendant 30 FULTON STREET LLC ("Borrower"), upon information and belief, is a limited liability company organized under the laws of the State of New York with its principal place of business in the State of New York. For the purposes of diversity, Borrower is a citizen of the State of New York. Borrower is a necessary party defendant to this action because it is (i) the borrower of the Loan; (ii) the Mortgagor under the Mortgage; and (iii) the owner of the Property.

4. Defendant MICHAEL HILL ("HILL") is an individual residing in the State of New York. HILL is a necessary party defendant to this action because he is a guarantor of the Note, as set forth below.

5. Defendant CLERK OF THE SUFFOLK COUNTY TRAFFIC AND PARKING; VIOLATIONS AGENCY ("TPVA") is an agency of the State of New York and a creditor on the prior owner.

6. Defendant CREDIT ACCEPTANCE CORPORATION ("CREDIT ACCEPTANCE") is a corporation with its principal place of business in the State of New York and upon information and belief a judgment creditor on the prior owner.

7. Defendant LI LAPROSCOPIC SURGERY PLLC ("LI LAPROSCOPIC") is a professional limited liability company with its principal place of business in the State of New York and upon information and belief a creditor on the prior owner.

8. Defendant COMMISSIONER OF TAXATION AND FINANCE ("TAF") is an agency of the State of New York and upon information and belief a creditor on the prior owner.

9. Defendant PEOPLE OF THE STATE OF NEW YORK CLERK OF THE SUFFOLK COUNTY DISTRICT COURT ("CLERK OF SUFFOLK COUNTY") is an agency of the State of New York and upon information and belief a creditor on the prior owner.

10. Defendant CLERK OF THE RIVERHEAD TOWN JUSTICE COURT ("CLERK OF RIVERHEAD") is an agency of the State of New York and upon information and belief a creditor on the prior owner.

11. Defendants "JOHN DOE" and "JANE DOE" are additional parties being the tenants, occupants, persons, or corporation, if any, having or claiming an interest in or lien upon the Property. *See* NYRPAPL §§ 1311, 1312 and 1313.

12. Each of the above-named defendants has or claimed to have or may claim to have some interest in or lien upon the Property or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of said Mortgage.

## JURISDICTION AND VENUE

13. This Action is between citizens of different states. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Therefore, jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332.

14. Venue is deemed proper in this district pursuant to 28 U.S.C. § 1391. A substantial part of the events giving rise to this action took place within the jurisdiction of this Court and the Property is located in this district.

## AS AND FOR THE FIRST CAUSE OF ACTION

15. On or about January 18, 2023, as evidence of a loan in the amount of $300,000.00, Borrower executed and delivered to NY TOWER CAPITAL LLC (the "Original Lender"), a note dated January 18, 2023 (the "Note"). A copy of the Note is annexed hereto as **Exhibit B**.

16. Pursuant to the terms of the Note, Defendant promised to pay the Original Lender or the subsequent holder of the Note the principal sum of $300,000.00. *See* **Exhibit B**.

17. As security for repayment of the Loan described in the Note, Borrower executed a mortgage of even date with the Note (the "Mortgage"), thereby granting a security interest to the Original Lender its successors and assigns over the Property. The Mortgage was recorded in the Suffolk County Clerk's Office on April 11, 2023, under Liber M00023498, Page 475. A copy of the recorded Mortgage is annexed hereto as **Exhibit C**.

18. As further security for repayment of the Loan, Borrower executed a Collateral Assignment of Leases and Rents of even date with the Note (the "Collateral Assignment"), thereby granting a security interest to the Original Lender in, among other things, all leases and lettings of the Property. The Collateral Assignment was recorded in the Suffolk County Clerk's Office on April 11, 2023, under Liber D00013196. A copy of the recorded Collateral Assignment is annexed hereto as **Exhibit D**.

19. As further security for the indebtedness of the Note, on or about January 18, 2023, Michael Hill ("Hill" or "Guarantor"), duly executed, acknowledged and delivered to Original Lender a certain Guaranty of Payment (the "Guarantee"), where in the Guarantor, absolutely and unconditionally guaranteed the repayment of all sums due under the Loan, as more particularly described therein. A true and current copy of the Guaranty is annexed hereto as **Exhibit E**.

On or about January 12, 2024, Borrower executed and delivered to Original Lender a Loan Modification and Extension Agreement dated January 12, 2024, whereby, among other items, the term of the Note was extended through April 30, 2024. A copy of the Loan Modification and Extension Agreement is annexed hereto as **Exhibit F.** The Loan was assigned to Plaintiff as evidenced by the Assignment of Mortgage dated September 3, 2024

("AOM") and the Assignment of Assignment of Leases and Rents dated September 3, 2024 ("AALR"). AOM and AALR. True and accurate copies of the assignments to Plaintiff are attached hereto as **Exhibit G** .

20. Additionally, the wet-ink Note was ultimately transferred to Plaintiff as evidenced by the allonge duly affixed to the Note. *See* **Exhibit B**. Plaintiff is the owner of the Note and is in physical possession of the Note. *See* **Exhibit B**.

21. Pursuant to the Mortgage, in any lawsuit for foreclosure, the Lender or its successors or assigns possesses the right to collect all costs and disbursements and additional allowances allowed by the applicable law and will have the right to add all reasonable attorneys' fees to the amount Borrower owes Lender or its successor-in-interest which fees shall become part of the sums secured. *See* **Exhibit D**.

22. Borrower defaulted under the terms of the Note and Mortgage for, among other things, failing to make payments as they became due. *See* **Exhibits B**, **C**, **D,** and **F**.

23. Under the terms and conditions of the Note and Mortgage, the unpaid principal balance is $300,000.00, plus all other costs, fees and charges that may apply pursuant to the Mortgage. *See* **Exhibits B** and **C**.

24. During the pendency of this action, Plaintiff, in order to protect the lien of the Mortgage, may be compelled to pay sums due on prior mortgages, insurance premiums, tax assessments, water rates, sewer rates, and other expenses or charges affecting the Property described and Plaintiff prays that any such amounts so paid and so extended during the pendency of this action may be added to its claim and repaid from the proceeds of the sale of the Property together with interest thereon, from the date of making such expenditures, so that the same may be added to, and secured by, the Note and Mortgage.

25. The Note and Mortgage contain provisions entitling Plaintiff to recover attorneys' fees incurred in the prosecution of this action. *See* **Exhibit C**, § 22(viii)(E); § 22(i).

26. No other action is now pending at law or otherwise for the foreclosure of said Mortgage, or to recover the amount due under the Note.

27. Pursuant to the Note and Mortgage, prior notices of default were not required. Pursuant to Real Property Actions and Proceedings Law ("RPAPL") Section §1304(1), 90-day Notices were not required as this is not a residential home loan, but a commercial loan.

## AS AND FOR A SECOND CAUSE OF ACTION

28. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in Paragraphs "1" though and including "27" of the Complaint.

29. MICHAEL HILL, an individual person and New York resident, duly executed the Guaranty and Indemnity as additional security for repayment of the sums due under the Note, wherein she, among other things, personally guaranteed the repayment of the Loan, as more particularly described therein. *See* **Exhibit E**.

30. By reason of the foregoing, Plaintiff reserves the right to seek a deficiency judgment pursuant to Real Property Actions and Proceedings Law § 1371 against the Guarantors, jointly or individually, as the case may be, for the full extent of their liability under the Loan Documents, as applicable, upon the completion the foreclosure action.

## AS AND FOR A THIRD CAUSE OF ACTION

31. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in Paragraphs "1" though and including "30" of the Complaint.

32. Borrower is in default on the Loan for failing to pay property taxes, water charges, and assessments due on the Property.

33. By reason of the foregoing, Plaintiff seeks to foreclose on the Loan by virtue of this additional event of default.

34. To the extent applicable, pursuant to RPAPL Section 1302 as amended, Plaintiff complied with all the provisions of Section 595a and Section 6-1 of the Banking Law and RPAPL Section 1304, except where it is exempt from doing so.

35. Plaintiff is in compliance with Section 9-X of the New York State banking law, if applicable.

36. Due to the above-described default, the Borrower is indebted to Plaintiff pursuant to the terms of the Note and Mortgage for:

   a. The unpaid principal amount due under the Note, and all accrued and unpaid interest and late charges:

   b. Attorneys' fees and other costs and disbursements, payable to Plaintiff under the terms of the Note, which will accrue until the amount due and payable under the Note is paid in full; and

   c. Any and all additional fees that are due or may become due and payable as provided under the terms and conditions of the Note and Mortgage are paid in full.

37. Plaintiff requests that, in the event this action proceeds to judgment of foreclosure and sale, the Property should be sold subject to the following:

   a. Any state of facts that an inspection of the Property would disclose.

   b. Any state of facts that an accurate survey of the Property would show.

   c. Covenants, restrictions, easements and public utility agreements of record, if any.

    d.   Building and zoning ordinances of the municipality in which the mortgaged Property is located and possible violations of same.

    e.   Any right of tenants or person in possession of the subject Property.

    f.   Any equity of redemption of the United States of America to redeem the Property within 120 days from date of sale.

    g.   Prior lien(s) of record, if any.

38.    In the event that Plaintiff possesses any other lien(s) against the Property either by way of judgment, junior mortgage or otherwise, Plaintiff requests that such other liens(s) shall not be merged in Plaintiff's cause(s) of action set forth in this Complaint, but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings.

39.    Plaintiff shall not be deemed to have waived, altered, released, or changed the election made, by reason of any payment after the commencement of this action, of any or all of the defaults mentioned herein, and such election shall continue and remain effective.

40.    No other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of said Mortgage or for recovery of the said sum secured by said Note and Mortgage or any part thereof.

**WHEREFORE**, Plaintiff demands judgment against the Defendants herein as follows:

a)    On the first cause of action that all persons claiming under them or any of them, subsequent to the commencement of this action and the filing of a notice of pendency thereof, be barred and foreclosed of and from all estate, right, title, interest, claim, lien and equity of redemption of, in and to the said Property and each and every part and parcel thereof; that the

8

Property may be decreed to be sold according to law in "as is" physical order and condition, subject to any covenants, easements, restrictions and reservations of record; any violations of record; any state of facts an accurate survey may show; any zoning regulations or amendments thereto; rights of tenants or persons in possession of the subject Property; any prior mortgage liens of record; any prior lien of record; and any advances or arrears hereunder; that this Court forthwith appoint a receiver of the rents and profits of said Property, during the pendency of this action with the usual powers and duties; that monies arising from the sale may be brought into court; that Plaintiff may be paid the amount due on said Note and Mortgage with interest to the time of such payment, attorneys' fees, as set forth in the Mortgage, the costs of this action and the expenses of said sale so far as the amount of such monies properly applicable thereto will pay the same; and the application of the proceeds pursuant to the provisions contained in such judgment, the amount thereof to be determined by the Court as provided in § 1371 of the RPAPL;

  b) On all causes of action together with Plaintiff's costs and attorneys' fees; and

  c) Such other and further relief as this Court shall deem just and proper.

Dated: September 9, 2024
    New York, New York

**HASBANI & LIGHT, P.C.**

*/s/ Danielle Light*
Danielle Light, Esq.
*Attorneys for Plaintiff*
450 Seventh Avenue, Ste 1408
New York, New York 10123
dlight@hasbanilight.com
Tel: 212.643.6677